**Phillip HERNDON, Plaintiff–Appellant,**

v.

**Michael J. CROWLEY, et al., Defendants–Appellees.**

**No. 02–2309.**

United States Court of Appeals, Sixth Circuit.

Sept. 15, 2003.

Phillip Herndon, pro se, Baraga, MI, for Plaintiff–Appellant.

Kevin M. Thom, Lansing, MI, for Defendant–Appellee.

Before MOORE and GILMAN, Circuit Judges; and MILLS, District Judge.*

*ORDER*

Phillip Herndon, a Michigan prisoner proceeding pro se, moves for counsel and appeals a district court judgment dismissing his civil rights complaint filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

---

* The Honorable Richard Mills, United States District Judge for the Central District of Illinois, sitting by designation.

Herndon filed his civil rights complaint against several employees of the Michigan Department of Corrections ("MDOC"), alleging that MDOC employees retaliated against him for his appearance as a witness in another case against MDOC by issuing misconduct reports, which resulted in loss of privileges. On June 30, 2000, the district court adopted a magistrate judge's report and recommendation that Herndon's claims against all defendants, except Herndon's access-to-the-courts claim against defendant Steve Niemi, be dismissed as frivolous or for failure to state a claim on which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A(b), and 42 U.S.C. § 1997e.

Herndon asserted due process and First Amendment access-to-the-courts claims against defendant Niemi. Specifically, he alleged that defendant Niemi destroyed a motion for relief from judgment, as well as caused Herndon to miss his chance to appeal a major misconduct ticket. Defendant Niemi filed a motion for summary judgment on Herndon's claims. The magistrate judge recommended that summary judgment be granted in favor of Niemi on Herndon's due process claim. However, the magistrate judge recommended that summary judgment for defendant Niemi be denied on Herndon's access-to-the-courts claim. On March 11, 2002, the district court issued an order limiting Herndon's access-to-the-courts claim solely to the issue of whether he was denied the right to appeal his misconduct convictions (access to courts claim).

Thereafter, defendant Niemi filed a second motion for summary judgment on the remaining access-to-the-courts claim. The magistrate judge recommended that defendant Niemi's motion be granted. The district court adopted the magistrate judge's recommendation over Herndon's objections. This appeal followed.

Upon review of the briefs and the record, we affirm the district court's judgment. Because the magistrate judge articulated, and the district court adopted, specific and thorough reasons for the decision, the issuance of a detailed written opinion would be duplicative and would serve no useful purpose.

Accordingly, we deny the motion for counsel and affirm the district court's judgment for the reasons stated and adopted by the district court in the judgments filed on June 30, 2000, March 11, 2002, and September 27, 2002. Rule 34(j)(2)(C), Rules of the Sixth Circuit.